UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                                    Case No:   6:18-cv-1497-Orl-37TBS

TAFARI GORDON,

    Defendant.

## REPORT AND RECOMMENDATION

This case comes before the Court on review of the Notice of Removal (Doc. 1) filed by *pro se* Defendant, Tafari Gordon, of what appear to be two county court traffic citations (Doc. 1-1). Defendant seeks to proceed in this Court as a pauper (Doc. 2). There are multiple problems with this case. Here, I focus solely on the Court's lack of jurisdiction, and respectfully recommend that the case be **REMANDED**.

### Background

On August 30, 2018, it appears that Mr. Gordon was issued a civil traffic citation for failure to use designated lane (Case 2018-TR-104684-A-O). According to the public records of the county court, the case is pending before a hearing officer. Also on August 30, 2018, Mr. Gordon was cited for an expired driver's license of over six months – a second degree misdemeanor (Case 2018 -CT-006952-A-O). That case is pending in county criminal traffic court. On September 12, 2018, Defendant filed his Notice of Removal of the two citations to this Court (Doc. 1). Defendant pled not guilty to the criminal infraction on September 13, 2018, in state court.

Defendant claims this Court has jurisdiction over these citations under 28 U.S.C. §1331, and the cases are removable under 28 U.S.C. §§1441(a) and 1446 "in that it arises under 18 U.S.C. §241 Conspiracy Against Right, 34 U.S.C. §12601(a) Make it Unlawful for a state or local law enforcement agencies to allow officer's to engage in a pattern or practice of conduct that deprive persons of [r]ights protected by the Constitution[] or U.S. Laws." (Doc. 1 at 1).

## Discussion

Federal court removal is governed by 28 U.S.C. § 1441(a), which states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

Procedurally, removal is governed by Title 28 U.S.C. § 1446, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 which provides:

> 1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

> 3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.§ 1446 (b)(3).

Removal statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). See also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. Williams, 269 F.3d at 1321.

Defendant's notice of removal is a confusing hodge-podge of citations and assertions, but construed liberally, he alleges that this Court has federal question jurisdiction under 28 U.S.C. § 1441, due to his "First Amendment Right to Travel and Fifth Amendment Right to Due Process and Equal Protection under the law." (Doc. 1 at 2). These contentions lack arguable merit.

First, Defendant improperly combines two separate cases into one, for purposes of removal and is attempting to remove a civil action and a criminal action under the procedure for removal of civil cases. This, alone, is sufficient to warrant remand. As for the criminal citation:

> To the extremely limited extent that state criminal actions may be removed to federal court, a removing defendant must clearly show membership of highly specific class of individuals covered by 28 U.S.C. §§ 1442 (federal employee acting in course/scope of duty); 1442a (member of armed services); or

>1443 (person prosecuted for exercising protected right to racial equality). See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006) (removal under § 1441 only applies to civil case filed in state court).

South Carolina v. Montgomery, No. CV417CV01555RBHKDW, 2017 WL 3530523, at *2 (D.S.C. July 27, 2017), report and recommendation adopted, No. 4:17-CV-01555-RBH, 2017 WL 3500351 (D.S.C. Aug. 16, 2017). As in Montgomery, Defendant has not alleged that he qualifies as a member of any of these three groups, nor has he cited to any of these statutes as the basis for this removal.

Even if the cases were properly consolidated (they are not), at best, Defendant has asserted constitutional *defenses* to these citations. This does not establish federal question jurisdiction for purposes of removal, as removal jurisdiction is determined "based on the plaintiff's pleadings at the time of removal." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997). "[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983) (emphasis original). As the Eleventh Circuit has explained:

>**A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint.** See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 11, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983). This is known as the "well-pleaded complaint" rule, because it directs our focus to the terms of the complaint as the plaintiff chooses to frame it. If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court. 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3566 (1984).
>
>Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create

> removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid. See, Franchise Tax Board, 463 U.S. at 25-28, 103 S.Ct. at 2854-56 (holding that e.g., ERISA preemption defense, without more, does not create removal jurisdiction).

Kemp v. Int'l Bus. Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997) (emphasis added). No federal question appears on the face of Plaintiffs' county court citations.

Most importantly, a contention that a government entity has violated the Constitution by issuing a traffic citation is without merit. Cty. Court of the Ninth Judicial Circuit v. Bey, No. 6:16-CV-18-ORL-18TBS, 2016 WL 1402839, at *3 (M.D. Fla. Mar. 23, 2016), report and recommendation adopted, No. 6:16-CV-18-ORL-18TBS, 2016 WL 1441392 (M.D. Fla. Apr. 8, 2016). Similar arguments have been consistently rejected by federal courts as patently frivolous. See Juiad v. Pringle, No. CIV S-11-0563 KJM DAD PS, 2011 U.S. Dist. LEXIS 131169, at *3 (E.D.Cal. Nov. 9, 2011) ("the suggestion that there is federal question jurisdiction over a dispute involving a traffic citation is patently frivolous"); Burditt v. City of Austin Mun. Court, Case No. A-10 CA-444 SS, 2010 U.S. Dist. LEXIS 66316, at *2-3 (W.D.Tex. July 2, 2010).

There is no basis for removal of these cases to this Court. Defendant's purported removal is frivolous as a matter of law.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that Defendants' *in forma pauperis* motion be denied for lack of jurisdiction, and that these traffic cases be promptly **remanded** for improvident removal.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 17, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Any Counsel of Record
    Unrepresented Parties